**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 14-10499 |
| | ) | |
|     Appellee, | ) | DC# No. CR 11-0288 JST |
| | ) | Northern District of |
| | ) | California |
|     v. | ) | Oakland Division |
| | ) | |
| SUSAN XIAO-PING SU, | ) | |
| | ) | |
|     Appellant. | ) | |
| | ) | |

**APPELLANT'S MOTION TO STAY FORFEITURE**
**OF REAL PROPERTY PENDING APPEAL**

JOHN J. JORDAN
Attorney at Law
400 Montgomery St. Ste. 200
San Francisco, CA   94104
Telephone:  (415) 391-4814
Facsimile:  (415) 391-4308

Attorney for Appellant
SUSAN XIAO-PING SU

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>                      )<br>   Appellee,           )<br>                      )<br>                      )<br>   v.                )<br>                      )<br>SUSAN XIAO-PING SU,    )<br>                      )<br>   Appellant.        )<br>_____ ) | No. 14-10499<br><br>DC# No. CR 11-0288 JST<br>Northern District of<br>California<br>Oakland Division |

**APPELLANT'S MOTION TO STAY FORFEITURE**
**OF REAL PROPERTY PENDING APPEAL**

Appellant Susan Xiao-Ping Su moves this Court for an order staying the Preliminary Order of Forfeiture, entered against Su by the district court on October 24, 2014. This motion is made pursuant to Fed. R. App. P. 8 and Fed. R. Crim. P. 32.2(d).

1. Su is appealing her conviction, after a jury trial, of 12 counts of wire fraud, in violation of 18 U.S.C. §§ 1343 and 2 (counts 1 through 12); two counts of mail fraud, in violation of 18 U.S.C. §§ 1341 and 2

(counts 13 and 14); one count of conspiracy to commit

visa fraud, in violation of 18 U.S.C. § 371 (count 15);

four counts of visa fraud, in violation of 18 U.S.C. §§

1546(a) and 2 (counts 16 through 19); one count of

using a false document, in violation of 18 U.S.C. §§

1001(a)(3) and 2 (count 20); one count of false

statements, in violation of 18 U.S.C. §§ 1001(a)(2)

(count 21); two counts of alien harboring, in violation

of 8 U.S.C. §§ 1324(a)(1)(A)(iii) and 2 (counts 22 and

24); one count of unauthorized access of a government

computer, in violation of 18 U.S.C. §§ 1030(a)(3) and 2

(count 25); and seven counts of money laundering, in

violation of 18 U.S.C. §§ 1957(a) and 2 (counts 26, 27,

29, 31, 32, 34, and 35).

Su is also appealing from the district court's

preliminary order of forfeiture regarding four real

properties, cash, and a vehicle.

2.  Su is currently incarcerated and is in the

process of being transferred to a Federal Bureau of

Prison facility, after the district court imposed a 196

month sentence.  Su's projected release date has not yet been calculated, according to the Bureau of Prison's website.

3.   On November 10, 2011, the government filed a 35-count superseding indictment, charged Su, President of Tri-Valley University, with a scheme to defraud by running a fraudulent school to deprive alien F-1 students of money and property, specifically tuition and other fees.  CR 21.

4.   The superseding indictment also contained four forfeiture allegations, seeking the forfeiture of approximately $5,601,844.72 in property derived from proceeds traceable to the crimes charged in the indictment, including:

a.   a 2009 Mercedes Benz, VIN XXXXXXX;
b.   1087 Murrieta Blvd., #113, Livermore, CA;
c.   405 Boulder Court, Suites 700 and 800, Pleasanton, CA;
d.   2890 Victoria Ridge Court, Pleasanton, CA;
e.   1371 Germano Way, Pleasanton, CA; and
f.   approximately $1.5 million in funds contained in bank accounts

CR 21.

5.  On March 24, 2014, Su was convicted by a jury of 31 counts in the indictment, after the government moved to dismiss one count of alien harboring (count 23) and three counts of money laundering (counts 28, 30, 33).  CR 118-20.

6.  On May 1, 2014, the government filed a motion for a preliminary order of forfeiture.  CR 129.

7.  On August 29, 2014, Su filed a motion to dismiss all counts of conviction, pursuant to Fed. R. Crim. P. 29(a), and a motion for a new trial, pursuant to Fed. R. Crim. P. 33.  CR 166, 167.  Su also filed a response to the government's request for a preliminary order of forfeiture, in which Su requested that the district court stay the forfeiture proceedings pending a decision on the Rule 29 and 33 motions, and then hold a hearing on the issue.  CR 168.

8.  On October 24, 2014, the district court issued a written preliminary order of forfeiture, rejecting Su's position that the forfeiture proceedings should be stayed.  CR 199.

9.  On October 30, 2014, the district court held a motions and sentencing hearing.  CR 203.

The district court first denied Su's Rule 29 and 33 motions on all grounds.  CR 203.

The court sentenced Su to 196 months imprisonment; a 3 year term of supervised release; and a $3100 penalty assessment.  CR 203.

10. On November 3, 2014, Su timely filed an amended notice of appeal, appealing from the conviction and sentence, as well as the forfeiture order.  CR 205.

## ARGUMENT IN SUPPORT OF MOTION

Su asks this Court to grant a stay of the district court's preliminary order of forfeiture, as it applies to the real property.  Su does not ask to stay that portion of the preliminary order of forfeiture that applies to the cash or to the motor vehicle.

Federal Rule of Criminal Procedure 32.2(d) provides that a district court "may stay the order of forfeiture . . . to ensure that the property remains available pending appellate review."

5

"Although Rule 32.2(d) does not specify the considerations that a district court must assess in determining whether to grant a stay of a forfeiture, courts have generally examined the following factors: (1) the likelihood of success on appeal; (2) whether the forfeited assets will depreciate over time; (3) the forfeited assets' intrinsic value to the defendant; and (4) the expense of maintaining the forfeited property." *United States v. Ngari,* 559 Fed. App. 259. 2014 U.S. App. Lexis 4150 (5th Cir. March 5, 2014), unpublished, citing *United States v. Droganes*, 893 F. Supp. 2d 855, 894 (E.D. Ky. 2012); *United States v. Peters*, 784 F. Supp. 2d 234, 235 (W.D.N.Y. 2011); *United States v. Riedl*, 214 F. Supp. 2d 1079, 1082 (D. Haw. 2001).

The district court abused its discretion in denying a stay here.

First, Su is likely to prevail on her appeal from the denial of her Rule 29 motion.

In particular, the government seeks to forfeit 405 Boulder Court, Suites 700 and 800, Pleasanton, CA,

based on Su's conviction in counts 22 and 24 of the
indictment of alien harboring, in violation of 8 U.S.C.
§§ 1324(a)(1)(A)(iii).

However, viewing the evidence in the light most
favorable to the government, no rational trier of fact
could have found the defendant guilty beyond a
reasonable doubt of either count of alien harboring,
because the government failed to prove two separate
elements of the crime.

The government failed to prove that either named
alien in counts 22 and 24 was actually an illegal alien
at the times specified in the indictment, as both had
entered the country legally on an F-1 visa.  There was
no later immigration court finding of a immigration
violation, nor any finding by an immigration judge that
either alien was removable.

The government's position that the aliens were here
illegally despite their visas because Su was later
found guilty of conducting a scheme to defraud at Tri-
Valley University, such that the aliens were out of

legal immigration status, is contrary to law.  See

e.g., *Arizona v. United States*, 132 S.Ct. 2492, 2496

(2012), citing *INS v. Lopez-Mendoza*, 468 U.S. 1032,

1038 (1984) ("As a general rule, it is not a crime for

a removable alien to remain in the United States.").

The government also failed to prove that Su

harbored either alien, because its theory in the

indictment that merely providing employment constitutes

harboring is flawed.  The government failed to show, as

it must, that Su engaged in conduct that was intended

both to substantially help an unlawfully present alien

remain in the United States and to help prevent the

detection of the alien by the authorities.  See *United

States v. Vargas-Cordon*, 733 F.3d 366, 382 (2nd Cir.

2013).

In addition, the government's proof was

insufficient as to the wire fraud convictions in counts

5 through 12, as well as all four visa fraud

convictions in counts 16 through 19, because the

charges all involve fictitious aliens.

These convictions cannot stand, however, because the crimes were all factually impossible to commit, as there were no real persons who could be defrauded, and there were no real persons who could receive visas or who needed immigration papers. Thus it was factually impossible for Su to commit these crimes. See *United States v. Luttrell*, 889 F.2d 806, 810 (9th Cir. 1989), vacated in part on other grounds, 923 F.2d 764 (9th Cir. 1991), *cert. denied*, 112 S.Ct. 1558 (1992).

Second, Su believes that the forfeited assets will depreciate over time, as the forced sale by the United States Marshal will likely not obtain full value for the properties. In addition, a sale now will forfeit any chance of appreciation of the value of the real estate over time.

Third, the forfeited real property has intrinsic value to Su, as the items are unique real estate used as residences and place of work by Su.

Fourth, the expense of maintaining the forfeited property does not appear to be a strong concern, as the

9

properties can be leased, with rental income offsetting any cost of maintenance.

Accordingly, Su moves this Court to stay the preliminary order of forfeiture, pending her appeal to this Court.

**CONCLUSION**

Su's motion for a stay should be granted.

December 2, 2014.            Respectfully submitted,


/John J. Jordan
JOHN J. JORDAN
Attorney for Appellant
SUSAN XIAO-PING SU

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT on December 2, 2014, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system:

MOTION TO STAY THE PRELIMINARY ORDER OF FORFEITURE

I certify that all participants in the case are registered CM/ECF users and that service on the United States Attorney for the Northern District of California, 450 Golden Gate Ave., San Francisco, CA 94102, the attorney for the respondent, will be accomplished by the CM/ECF system.

Dated: December 2, 2014.          /John J. Jordan
                                  JOHN J. JORDAN