14-10499

Susan Su. #15773111
FCI F Unit. 5701 8th Street
Dublin CA 94568

04-20-2015

RECEIVED 4-27-15 RT
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS
APR 27 2015
FILED ______
DOCKETED ______ DATE ______ INITIAL

Ninth Circuit Appeal Court.
U.S. Court of Appeals Building.
95 Seventh St. SF. CA 94103.
P.O. Box 193939. San Francisco. CA 94119.
Re: D.C. No. CR11-0288-JST, Appeal Case No. 14-10499.

Dear Respectful Court;

I'm writing to you about a recent court filed documentation on my case " Stipulated Agreement to Postpone Sale of Certain Property". which have my signature on Page 6. It has caught my attention that the previous five pages of this document is the wrong one containing terms which I never agreed on. Someone has stapled the signature page ( Page 6) to the wrong version of the documentation content never agreed by any party and filed in court.

During the time period of December 2014 to March 2015, there were many back and forth negiotiations between the U.S. Attorney and Defense Attorney John Jordan. regarding withdrawing defendant's motion of "Staying forfeiture Pending Appeal". As the condition of withdraw, the U.S. Attorney will postpone sales of the two commercial buildings, Suite 7 and 8 at 405 Boulder Ct. Pleasanton. The U.S.A. drafted an agreement with five pages of terms as the one filed in court [Exhibit 1]. I responded that I disagree on quite a few of them. Then Finally. the U.S.A. came up with a modified agreement as in [Exhibit 2] which I agreed, signed and mailed to Defense attorney on 04/03/2015. On 04/09/2015, the Defense Attorney came down to FCI at Dublin to obtain my original signature on one page of the paper without the rest of the content page. He told me that is the final modified one. So I signed it on 04/09/2015. However, the signature page I signed was then stapled with the wrong version. the drafted version never been agreed on and filed in

Court. It is basically a fraudulent document faking my signature.

Upon the completely breaking down of the negotiated terms of the agreement and the nature of faking my signature on a wrong document, I hereby request your honorable court to uphold justice, stop the forfeiture pending further decision by your honorable Appeal Court by ordering to Stay All Forfeiture and Pending Appeal.

Sincerely,

Susan Su.

Exhibit I, The Wrong one with terms never agreed by any party

MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

DAVID COUNTRYMAN (CABN 226995)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7303
FAX: (415) 436-7234
david.countryman@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>SUSAN XIAO-PING SU,<br>Defendant. | CASE NO. CR 11-00288 JST<br>**STIPULATED AGREEMENT TO POSTPONE SALE OF CERTAIN PROPERTY** |

不应该把我的名字写在这里.

This Agreement to Postpone Sale ("Agreement") is made between Susan Su and Sophie Su (hereinafter "Owners") and the Department of Homeland Security, Homeland Security Investigations (hereinafter "Agency").

On November 10, 2011, the Grand Jury returned a thirty-five count Superseding Indictment. charging Su with wire fraud, mail fraud, conspiracy to commit visa fraud, visa fraud, use of a false document, false statements, alien harboring, unauthorized access of a government computer, and money laundering. United States v. Su, CR 11-00288 JST, Docket No. ("ECF") 21. The Superseding Indictment also contained four forfeiture allegations seeking, in part, the forfeiture of five parcels of real property (hereinafter "Subject Properties"), described below:

///

a. 1087 Murrieta Blvd., #113, Livermore, CA;

b. 405 Boulder Court, Suite 800, Pleasanton, CA;

c. 405 Boulder Court, Suite 700, Pleasanton, CA;

d. 2890 Victoria Ridge Court, Pleasanton, CA;

e. 1371 Germano Way, Pleasanton, CA.

On March 24, 2014, the jury returned guilty verdicts against Su, finding her guilty of all remaining counts charged in the Superseding Indictment. ECF 119. On October 24, 2014, the Court entered a Preliminary Order of Forfeiture that authorized the seizure and forfeiture of the Subject Property and a forfeiture money judgment. ECF 199. On November 6, 2014, the Court entered the criminal judgment against Su, which included forfeiture of the Subject Properties. While that judgment is final as to Su, the United States intends to seek a Final Order of Forfeiture from the Court to complete the forfeiture as to any third-party interests once publication is complete.

Therefore, it is hereby agreed, upon execution of the Agreement, and in compliance with all the terms and conditions stated herein, that:

John 已经撤回了 Motion, 没有必要提起上诉.

1. the Owners will withdraw the pending Motion to Stay Forfeiture of Real Property Pending Appeal (*United States v. Su*, No. 14-10499 (9th Cir. Nov. 6, 2014));

2. the Agency will not sell the following properties until the resolution of defendant Susan Su's current appeal of her criminal conviction (*United States v. Su*, No. 14-10499 (9th Cir. Nov. 6, 2014)): 405 Boulder Court, Suite 800, Pleasanton, CA and 405 Boulder Court, Suite 700, Pleasanton, CA (hereinafter the "Stayed Properties");

也没有必要保留这房子, 如果你以后 win back, 你可以问他们要钱.

**TERMS AND CONDITIONS**

1. It is understood by the Owners that this Agreement does not create any interest in the land or a tenancy of any kind, but rather this Agreement is a license by the Agency of the Stayed Properties subject to revocation by the Court at the discretion of the Court or for violations of the terms and conditions of this Agreement.

2. The Agency shall have the right to re-enter the Stayed Properties, with or without the consent of Owners, at reasonable times to inspect and/or appraise the property, or for any other purpose consistent with this Agreement.

3. Owners shall maintain the Stayed Properties at Owners' expense in the same, or better, condition and repair as when seized. The term "maintain" shall include, but not be limited to keeping the Stayed Properties free of hazards and/or structural defects; keeping all heating, air conditioning, plumbing, electrical, gas, oil, or other power facilities in good working condition and repair; keeping the Stayed Properties clean and performing such necessary sanitation and waste removal; maintaining the Stayed Properties and grounds in good condition by providing snow removal, lawn mowing and all other ordinary and necessary routine maintenance.

4. Owners shall maintain casualty and fire insurance equal to the full replacement cost of the Stayed Properties and all improvements thereon, and shall maintain liability insurance for injuries occurring on or resulting from use of the Stayed Properties, or activities or conditions thereon, in the minimum amount of [Appraised value]. Additionally, Owners shall arrange for a rider to all abovementioned policies naming the United States as a loss payee and additional insured for the life of the Agreement. Owners shall deliver proof of such insurance to the Agency no later than the seventh calendar day following the execution of this Agreement. 没有保险书给他们

5. Owners shall timely pay any and all mortgage, home equity loan, rent, utilities, sewer, trash, maintenance, cable television, tax and/or other obligations, otherwise necessary and due on the Stayed Properties, for the life of this Agreement. Moreover, Owners shall abide by all laws, codes, regulations, ordinances, covenants, rules, bylaws, binding agreements and/or stipulations or conditions pertaining to the care, maintenance, control and use of the Stayed Properties.

6. Owners shall not convey, transfer, sell, lease, or encumber in any way, title to the Stayed Properties. Nor shall they permit any person to occupy the Stayed Properties without the express written approval of the Agency. 还不让我们去租

7. Owners shall not remove, destroy, alienate, transfer, detract from, remodel or alter in any way, the Stayed Properties or any fixture, which is part of the Stayed Properties, ordinary wear excepted, without express written consent of the Agency.

8. Owners shall not use the Stayed Properties for any illegal purposes or permit the use of the Stayed Properties for such purposes; use the Stayed Properties so that they pose a danger to the

health or safety of the public or a danger to law enforcement; or use the Stayed Properties so that they adversely affect the ability of the Agency or its designee to manage the Stayed Properties.

9. If Owners violate any term or condition of this Agreement, the Agency shall notify Owners that they have ten (10) days to correct the violation(s). If Owners fail to correct the violation(s) cited by the Agency within that period, the Agency upon notice to Owners and all parties to the forfeiture action, may immediately petition the Court for directions to remove Owners, and all other persons occupying the property, pursuant to Supplemental Rules for Certain Admiralty and Maritime Claims, Rule E(4) (d).

10. Owners, on behalf of themselves, their heirs, statutory survivors, executors, administrators, representatives, successors and assignees ("potential claimants"), agrees that they do hereby release the United States, its agencies, agents, assigns and employees ("potential federal defendants") in their official and individual capacities, from any and all pending or future claims for injuries, demands, damages, suits and causes of actions arising from Owners' possession, maintenance, occupancy and/or use of the property. 政府不能 [illegible]

11. Owners, on behalf of himself/herself and other potential claimants, further agrees to indemnify the United States, and other potential federal defendants, as to any and all pending or future claims, demands, damages, suits and causes of actions regarding any damage or personal injuries incurred on, or as a result of, the Stayed Properties.

12. Owners acknowledge that violation of the contents of this Agreement as it pertains to the removal or destruction of property under the care, custody, or control of the Agency constitutes a violation of federal criminal law, specifically, 18 U.S.C. § 2233 entitled "Rescue of Seized Property." That section provides for a fine not exceeding $2,000, or imprisonment not exceeding two (2) years, or both.

13. Owners agree to protect, feed and provide all reasonable and necessary veterinary care for any domestic animals permitted by the Agency to remain upon the seized property.

14. This Agreement shall be construed in accordance with federal law, and any conflict over the terms and conditions of this Agreement must be decided by the Court as part of the forfeiture action.

Dated:

DAVID COUNTRYMAN
Assistant United States Attorney

Dated: 4/9/2015

04/09/2015
SUSAN SU
Defendant and Owner of Subject Real Properties

Dated: 4/14/2015

SOPHIE SU
Property Manager of Stayed Properties

(我也不应该签名)

Dated: 4/9/2015

JOHN JORDAN, ESQ.
Attorney for Susan and Sophie Su

请告诉John，
取消这个文件!
cancel it.

TRULINCS 15773111 - SU, SUSAN XIAO-PIN - Unit: DUB-F-A

---

FROM: 15773111
TO: Jordan, John
SUBJECT: Annul of Signature
DATE: 04/17/2015 10:12:21 PM

Dear John;

Please take this writing as the formal legal notice of the anullity of my 4/07's signature of the one page of paper, the format is apparent of a formal drafted agreement which has never been agreed by any party involved. Sophie will send you the final modified one which I agree on with both mine and her signatures.

Thanks you

Susan

MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

DAVID COUNTRYMAN (CABN 226995)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7303
FAX: (415) 436-7234
david.countryman@usdoj.gov

Attorneys for United States of America

Exhibit 2. The Modified one which I agreed and signed on 04/03/15

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>SUSAN XIAO-PING SU,<br>Defendant. | CASE NO. CR 11-00288 JST<br>**STIPULATED AGREEMENT TO POSTPONE SALE OF CERTAIN PROPERTY** |

This Agreement to Postpone Sale ("Agreement") is made between Susan Su (hereinafter "Owner") and the Department of Homeland Security, Homeland Security Investigations (hereinafter "Agency").

On November 10, 2011, the Grand Jury returned a thirty-five count Superseding Indictment, charging Su with wire fraud, mail fraud, conspiracy to commit visa fraud, visa fraud, use of a false document, false statements, alien harboring, unauthorized access of a government computer, and money laundering. United States v. Su, CR 11-00288 JST, Docket No. ("ECF") 21. The Superseding Indictment also contained four forfeiture allegations seeking, in part, the forfeiture of five parcels of real property (hereinafter "Subject Properties"), described below:

///

a. 1087 Murrieta Blvd., #113, Livermore, CA;

b. 405 Boulder Court, Suite 800, Pleasanton, CA;

c. 405 Boulder Court, Suite 700, Pleasanton, CA;

d. 2890 Victoria Ridge Court, Pleasanton, CA;

e. 1371 Germano Way, Pleasanton, CA.

On March 24, 2014, the jury returned guilty verdicts against Su, finding her guilty of all remaining counts charged in the Superseding Indictment. ECF 119. On October 24, 2014, the Court entered a Preliminary Order of Forfeiture that authorized the seizure and forfeiture of the Subject Property and a forfeiture money judgment. ECF 199. On November 6, 2014, the Court entered the criminal judgment against Su, which included forfeiture of the Subject Properties. While that judgment is final as to Su, the United States intends to seek a Final Order of Forfeiture from the Court to complete the forfeiture as to any third-party interests once publication is complete.

Therefore, it is hereby agreed, upon execution of the Agreement, and in compliance with all the terms and conditions stated herein, that:

1. Owner will withdraw the pending Motion to Stay Forfeiture of Real Property Pending Appeal (*United States v. Su*, No. 14-10499 (9th Cir. Nov. 6, 2014));

2. Agency will not sell the following properties until the resolution of defendant Susan Su's current appeal of her criminal conviction (*United States v. Su*, No. 14-10499 (9th Cir. Nov. 6, 2014)): 405 Boulder Court, Suite 800, Pleasanton, CA and 405 Boulder Court, Suite 700, Pleasanton, CA (hereinafter the "Stayed Properties");

3. The Stayed Properties will be managed by a property management company selected by the Agency (the "Contractor'). The Contractor will select tenants and will be responsible for management and upkeep the Stayed Properties. Rental income from the Stayed Properties will be deposited into a suspense account that can be used to pay for property management expenses, with the remaining funds to be held in suspense. Any and all rental income not used to pay property management expenses is subject to forfeiture, pursuant to the money judgment entered on October 24, 2014.

///

4. This Agreement shall be construed in accordance with federal law, and any conflict over the terms and conditions of this Agreement must be decided by the Court as part of the forfeiture action.

Dated:

____________________________
DAVID COUNTRYMAN
Assistant United States Attorney

Dated:

____________________________
SUSAN SU
Defendant and Owner of Subject Real Properties

Dated:

____________________________
SOPHIE SU
Property Manager of Stayed Properties

Dated:

____________________________
JOHN JORDAN, ESQ.
Attorney for Susan and Sophie Su

JOHN J. JORDAN
ATTORNEY AT LAW
400 MONTGOMERY ST STE 200
SAN FRANCISCO, CA 94104

TEL: (415) 391-4814 FAX: (415) 391-4308

March 4, 2015

Susan Xiao-Ping Su
(Register #: 157-73111, Unit E)
Dublin FCI
5701 8TH ST
DUBLIN, CA 94568

Re: USA v. Susan Xiao-Ping SU
CR-11-0288 JST
CA9 No. 14-10499

Dear Susan:

I have enclosed a copy of the final proposed agreement for the rental of the properties. If this is okay, please sign and return in the enclosed envelope.

I did confirm with AUSA Countyman that he cannot make any agreement at this point with us regarding the use of the cash money as restitution to the two claimants. It is his intention to do so, but he cannot do so until the appeal is decided.

As always, please call me collect if you have any immediate concerns.

Very truly yours,

John J. Jordan

Encl/