FILED

**NOT FOR PUBLICATION**

DEC 07 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10499 |
| Plaintiff - Appellee, | D.C. No. 4:11-cr-00288-JST-1 |
| v. | |
| SUSAN XIAO-PING SU, AKA Susan Su, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Argued and Submitted October 21, 2015
San Francisco, California

Before: SILVERMAN and CHRISTEN, Circuit Judges, and DUFFY,[**] District Judge.

Susan Su appeals her jury conviction and sentence for wire fraud, mail fraud, conspiracy to commit visa fraud, visa fraud, use of a false document, false

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Kevin Thomas Duffy, District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

statement to a government agency, alien harboring, unauthorized access of a government computer, and money laundering.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.**  The district court did not err in denying Su's motion for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(c).  Su contends that (1) the government's trial evidence generally was insufficient; and (2) the district court should have granted the Rule 29 motion on three separate grounds.

Su does not provide any support on appeal for her first argument, which is in any event without merit.  Viewing the evidence in the light most favorable to the government, we conclude that there was ample evidence from which a rational jury could have convicted Su.  *See United States v. Nevils*, 598 F.3d 1158, 1161 (9th Cir. 2010) (en banc).

The district court did not err in finding that sufficient evidence supports Su's convictions for alien harboring under 8 U.S.C. § 1324(a)(1)(A)(iii).  Su contends that the government failed to prove that the two individuals at issue were in the United States illegally or that Su shielded them from detection.  From the evidence presented at trial, a rational juror could conclude that Su employed two individuals that remained in the United States in violation of law after they failed to maintain their F-1 student status, *see Dhital v. Mukasey*, 532 F.3d 1044, 1050 (9th Cir.

2008), and that Su shielded the individuals from government detection by creating false immigration documents.

The district court also did not err in finding that certain convictions for wire fraud under 18 U.S.C. § 1343 and visa fraud under 18 U.S.C. § 1546(a) that involve fictional aliens were not factually impossible to commit. Because defrauding a real F-1 student rather than a fictional F-1 student is not an element of wire fraud or visa fraud, Su's factual impossibility argument is without merit. *See United States v. McCormick*, 72 F.3d 1404, 1408 (9th Cir. 1995) (finding that sufficient evidence supported the essential elements of a crime so the crime was not factually impossible to commit).

Finally, Su's money laundering convictions under 18 U.S.C. § 1957(a) did not "merge" with her visa fraud convictions. *See United States v. Santos*, 553 U.S. 507, 516-17 (2008). Su purchased real estate and a car using property derived from visa fraud, but those monetary transactions were independent, and not a "'central component,'" of Su's fraudulent scheme, *United States v. Bush*, 626 F.3d 527, 535 (9th Cir. 2010) (citation omitted), and thus did not "merge" with Su's fraud convictions.

In sum, the district court's denial of Su's Rule 29 motion was not error and is affirmed.

3

    **2.** The district court did not abuse its discretion when it denied Su's Federal Rule of Criminal Procedure 33 motion for a new trial based on newly discovered evidence and the interest of justice. *See United States v. Hinkson*, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc). The district court correctly found that "the failure to discover the evidence sooner [was] the result of a lack of diligence on [Su's] part," *United States v. Harrington*, 410 F.3d 598, 601 (9th Cir. 2005), and therefore did not abuse its discretion in finding that Su's post-trial psychological evaluation was not newly discovered evidence. Because Su did not raise her argument that a new trial is warranted in the interest of justice until more than fourteen days after the jury verdict, the district court did not abuse its discretion in deeming her motion as untimely. Fed. R. Crim. P. 33(b)(2); *see United States v. French*, 748 F.3d 922, 935 (9th Cir. 2014).

    **3.** The district court did not err when it calculated Su's Sentencing Guidelines range, and Su's below-Guidelines sentence was not substantively unreasonable. "[W]e first consider whether the district court committed significant procedural error, then we consider the substantive reasonableness of the sentence." *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

    The district court did not err when it applied sentencing enhancements under U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 2B1.1(b)(1)(J) (eighteen-level

4

increase for loss more than $2,500,000) and U.S.S.G. § 3C1.1 (two-level increase for obstruction of justice). The district court's determination of the amount of loss, which was based on the government's evidence at trial that $5.6 million could be traced to the fraud, was not clearly erroneous. *See United States v. Santos*, 527 F.3d 1003, 1006 (9th Cir. 2008). The district court did not err in imposing the obstruction of justice enhancement, because the judge's findings that Su was not making a competency argument and that Su urged government witnesses to give testimony that she knew was false were not clearly erroneous.[1] *See United States v. Shetty*, 130 F.3d 1324, 1333 (9th Cir. 1997).

The district court did not err in grouping Su's convictions pursuant to U.S.S.G. § 3D1.2(d) and properly calculated the offense level for the unauthorized access of a government computer conviction. *See United States v. Tank*, 200 F.3d 627, 632 (9th Cir. 2000). The convictions in the first group meet the criteria in U.S.S.G. § 3D1.2(d) and are specifically enumerated as offenses to be grouped under subsection (d). In contrast, the conviction in the second group—unauthorized access of a government computer—is expressly excluded

---

[1] Contrary to Su's argument, the district court was not required to hold a hearing on the obstruction enhancement. *See United States v. Sarno*, 73 F.3d 1470, 1503 (9th Cir. 1995) ("There is no right to an evidentiary hearing so long as the facts that prove dispositive at sentencing find support in the record.").

from grouping under subsection (d). The Guidelines calculation for group two included a cross reference under U.S.S.G. § 2B2.3(c)(1) for intent to commit visa fraud, which is also a conviction in the first group, and sentencing enhancements for role in the offense and obstruction of justice, which are also included in the first group. Because any potential overlap between the two groups accounted for more than one type of harm caused by Su's conduct, there was no impermissible double counting. *See United States v. Parker*, 136 F.3d 653, 654 (9th Cir. 1998).

Finally, the district court's sentence was not substantively unreasonable and the court did not abuse its discretion in imposing it. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Su's sentence is significantly below the Guidelines range and is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including the seriousness of the offense. *See id.*; *see also United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court.").

**4.** The district court did not err in issuing a preliminary forfeiture order against Su. We reject Su's arguments concerning the loss amount and the alien harboring convictions for the reasons discussed above. Following the verdict, the district court addressed Su's objections to the preliminary forfeiture order at an

6

omnibus hearing.  The district court therefore satisfied the requirement to hold a hearing for contested forfeiture orders.  *See* Fed. R. Crim. P. 32.2(b)(1)(B).

**AFFIRMED.**

(8 of 12)

Case: 14-10499, 12/15/2015, ID: 9793508, DktEntry: 49-2, Page 1 of 5
Case: 14-10499, 12/15/2015, ID: 9793508, DktEntry: 49-2, Page 1 of 5

# United States Court of Appeals for the Ninth Circuit

## Office of the Clerk
95 Seventh Street
San Francisco, CA 94103

## Information Regarding Judgment and Post-Judgment Proceedings

**Judgment**
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**
- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate ECF system or, if you are a pro se litigant or an attorney with an exemption from using appellate ECF, file one original motion on paper.

**Petition for Panel Rehearing (Fed. R. App. P. 40; 9th Cir. R. 40-1)**
**Petition for Rehearing En Banc (Fed. R. App. P. 35; 9th Cir. R. 35-1 to -3)**

(1) **A. Purpose (Panel Rehearing):**
- A party should seek panel rehearing only if one or more of the following grounds exist:
  ► A material point of fact or law was overlooked in the decision;
  ► A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
  ► An apparent conflict with another decision of the Court was not addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

**B. Purpose (Rehearing En Banc)**
- A party should seek en banc rehearing only if one or more of the following grounds exist:

- ▶ Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
- ▶ The proceeding involves a question of exceptional importance; or
- ▶ The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2) Deadlines for Filing:**
- A petition for rehearing may be filed within 14 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- *See* Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-2.

**(3) Statement of Counsel**
- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

**(4) Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**
- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms.*
- You may file a petition electronically via the appellate ECF system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

**Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)**
- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms.*

**Attorneys Fees**
- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-7806.

**Petition for a Writ of Certiorari**
- Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov

**Counsel Listing in Published Opinions**
- Please check counsel listing on the attached decision.
- If there are any errors in a published <u>opinion</u>, please send a letter **in writing within 10 days** to:
    - ► Thomson Reuters; 610 Opperman Drive; PO Box 64526; St. Paul, MN 55164-0526 (Attn: Jean Green, Senior Publications Coordinator);
    - ► and electronically file a copy of the letter via the appellate ECF system by using "File Correspondence to Court," or if you are an attorney exempted from using the appellate ECF system, mail the Court one copy of the letter.

Form 10. Bill of Costs .................................................................................................(Rev. 12-1-09)

# United States Court of Appeals for the Ninth Circuit

## BILL OF COSTS

This form is available as a fillable version at:
http://cdn.ca9.uscourts.gov/datastore/uploads/forms/Form%2010%20-%20Bill%20of%20Costs.pdf.

*Note:* If you wish to file a bill of costs, it MUST be submitted on this form and filed, with the clerk, with proof of service, within 14 days of the date of entry of judgment, and in accordance with 9th Circuit Rule 39-1. A late bill of costs must be accompanied by a motion showing good cause. Please refer to FRAP 39, 28 U.S.C. § 1920, and 9th Circuit Rule 39-1 when preparing your bill of costs.

[          ] v. [          ]   9th Cir. No. [     ]

The Clerk is requested to tax the following costs against: [          ]

| Cost Taxable under FRAP 39, 28 U.S.C. § 1920, 9th Cir. R. 39-1 | REQUESTED *(Each Column Must Be Completed)* | | | | ALLOWED *(To Be Completed by the Clerk)* | | | |
|---|---|---|---|---|---|---|---|---|
| | No. of Docs. | Pages per Doc. | Cost per Page* | TOTAL COST | No. of Docs. | Pages per Doc. | Cost per Page* | TOTAL COST |
| **Excerpt of Record** | | | $ | $ | | | $ | $ |
| **Opening Brief** | | | $ | $ | | | $ | $ |
| **Answering Brief** | | | $ | $ | | | $ | $ |
| **Reply Brief** | | | $ | $ | | | $ | $ |
| **Other**\*\* | | | $ | $ | | | $ | $ |
| | | | TOTAL: | $ | | | TOTAL: | $ |

\* *Costs per page*: May not exceed .10 or actual cost, whichever is less. 9th Circuit Rule 39-1.

\*\* *Other*: Any other requests must be accompanied by a statement explaining why the item(s) should be taxed pursuant to 9th Circuit Rule 39-1. Additional items without such supporting statements will not be considered.

Attorneys' fees **cannot** be requested on this form.

*Continue to next page*

**Form 10. Bill of Costs -** *Continued*

I, [_____], swear under penalty of perjury that the services for which costs are taxed were actually and necessarily performed, and that the requested costs were actually expended as listed.

Signature [_____]

("s/" plus attorney's name if submitted electronically)

Date [_____]

Name of Counsel: [_____]

Attorney for: [_____]

---

*(To Be Completed by the Clerk)*

Date [_____]          Costs are taxed in the amount of $ [_____]

Clerk of Court

By: [_____], Deputy Clerk